■ CHRISTOPHER RIVERS et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. (And a Third-Party Action.) CHRISTOPHER RIVERS et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. (And a Third-Party Action.) [694 NYS2d 57] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered July 9, 1998, which denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint. Appeal from order, same court and Justice, entered November 17, 1997, which granted defendant's motion to strike allegations in plaintiffs' proposed bill of particulars, dismissed, without costs or disbursements, as academic.

In denying this summary judgment motion, the IAS Court took judicial notice that pit bulls by nature are inherently dangerous and held that defendant landlord could be held strictly liable for injuries to an infant tenant inflicted by a pit bull which had not displayed any signs of vicious or violent behavior prior to the incident.

Initially, we note that the court erred in taking judicial notice of the vicious nature of pit bulls (*see, Carter v Metro N. Assocs.*, 255 AD2d 251, 251-252; *and see, supra,* at 254 [Mazzarelli, J., dissenting]). In order to be held liable for injuries sustained as a result of an attack by a tenant's dog, it must be demonstrated that the animal had vicious propensities and that the landlord knew or should have known of these propensities (*Carter v Metro N. Assocs., supra*). Here, there was no showing by plaintiff that the dog displayed any signs of vicious or violent behavior prior to the incident and no evidence that defendant landlord knew or should have known of any such propensities. Concur—Nardelli, J. P., Lerner and Saxe, JJ.

Mazzarelli, J., concurs in a memorandum as follows: For the reasons stated in my dissenting opinion in *Carter v Metro N. Assocs.* (255 AD2d 251, 252), I believe that the issue of whether the dog in this case was inherently vicious is a question for the trier of fact. However, given the majority's holding in *Carter v Metro N. Assocs. (supra)*, which is, at present, binding precedent on this Court, I am constrained to concur with the majority in this case.