■ SHANNON SMITH, Individually and as Parent and Natural Guardian of MIKAILAH BARNETT and Another, Infants, Respondent, v CITY OF NEW YORK et al., Appellants. [889 NYS2d 187]—

The verdict finding defendants strictly liable for the dog-bite injuries sustained by the infant plaintiffs is not supported by evidence sufficient to establish that Officer Smith knew or should have known of the dog's vicious propensities (*see Petrone v Fernandez*, 12 NY3d 546, 550 [2009]). In the very brief time he spent with the abandoned dog, Smith observed that the dog was friendly, playful, and "rambunctious." Further, Smith saw plaintiff petting the dog and did not see the dog growling or lunging at any time. Indeed, plaintiff testified that the dog was playful and friendly, both to her and to a family sitting in the precinct house. Even crediting the testimony of plaintiff's husband that he saw the dog growl and lunge and that a longer rope was needed to tie the dog inside his car, that testimony does not support the inference that Smith knew or should have known of the dog's vicious propensities (*see Phillips v Coffee To Go*, 269 AD2d 123 [2000]).

The evidence was also insufficient to establish that Officer Smith owned the dog (*see Petrone, supra*). He had taken temporary custody of the dog with the intention to transport him to the ASPCA, and the dog was in his possession for, at most, a few hours. In any event, he had transferred any right of his to the dog to plaintiff, who had possession of the dog at the time of the attack (*see Bukhatetsky v Vysotski*, 296 AD2d 367 [2002]). Contrary to plaintiff's contention, the evidence showed not that she was holding the dog temporarily for Smith but that she had the right to keep the dog or give him away. Further, there was no evidence that Smith wanted the dog back or that he retained any control over the dog.

Plaintiff has no cause of action in negligence (*Petrone, supra*). In that regard, any violations by defendants of Agriculture and Markets Law § 374 and 24 RCNY 161.06 are irrelevant (*id.*). Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.