■ JUAN OROZCO, Appellant, v 725 S. BLVD., LLC, Respondent. [918 NYS2d 90]—

Defendant landlord established prima facie that it neither knew nor had reason to know that the tenant's dog that attacked plaintiff had vicious propensities (*see Rivers v New York City Hous. Auth.*, 264 AD2d 342 [1999]). Although the building superintendent testified that the other tenants were frightened of the pit bull, he also said that he had never received any complaints about the animal or observed it acting aggressively and that during his own encounters with the dog in the hallway the dog passed him "at ease." In opposition, plaintiff failed to raise any issues of fact. His testimony that on the day before the attack the dog had growled at him does not support the inference that defendant knew or should have known of the dog's vicious propensities (*see Smith v City of New York*, 68 AD3d 445 [2009]). Nor is it significant that the tenant allegedly tied the dog when it was in the apartment, since there is no evidence that the tenant did so because he feared that the dog would attack a visitor (*see Collier v Zambito*, 1 NY3d 444, 447 [2004]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Andrias, J.P., Catterson, Moskowitz, Abdus-Salaam and Román, JJ.