# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1384**

**CA 12-01031**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

RUSSELL J. FARACI, INDIVIDUALLY AND AS PARENT
AND NATURAL GUARDIAN OF TREVOR JOSEPH FARACI,
AN INFANT, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

RENEE URBAN, DEFENDANT-APPELLANT,
WILLIAM BUIL, DEFENDANT.

---

BOUVIER PARTNERSHIP, LLP, BUFFALO (NORMAN E.S. GREENE OF COUNSEL), FOR
DEFENDANT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered October 11, 2011.  The order denied the motion of defendant Renee Urban for summary judgment dismissing the complaint against her.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint against defendant Renee Urban is dismissed.

Memorandum:  Plaintiff commenced this action seeking damages for the injuries that his son sustained when he was bitten by a dog in a house owned by Renee Urban (defendant) and occupied by defendant William Buil, who was both defendant's tenant and the dog's owner. Defendant appeals from an order denying her motion for summary judgment dismissing the complaint against her.

"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord:  (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (*Sarno v Kelly*, 78 AD3d 1157, 1157).  Insofar as relevant here, knowledge of a dog's vicious propensities may be shown, inter alia, by evidence of a defendant's awareness that the dog would "growl, snap or bare its teeth" (*Collier v Zambito*, 1 NY3d 444, 447; *see Bard v Jahnke*, 6 NY3d 592, 597).

Here, it is undisputed that defendant was aware that a dog was kept on the premises by her tenant and that she could have required

him to remove or confine that dog.  Furthermore, contrary to defendant's contention, she failed to demonstrate as a matter of law that the dog did not have vicious tendencies, inasmuch as her own submissions established that the dog had previously growled at and tried to claw through a window to get at mail-carriers and others who came to the door (*see Rosenbaum v Rauer*, 80 AD3d 686, 686; *Jones v Pennsylvania Meat Mkt.*, 78 AD3d 658, 659).

We agree with defendant, however, that she is entitled to summary judgment because she established as a matter of law that she neither knew nor should have known of the dog's alleged vicious propensities and because plaintiff failed to raise a triable issue of fact in opposition thereto.  Specifically, defendant "submitted sworn testimony at an examination before trial that she had no knowledge of any vicious propensities of her tenant's dog[, and, given that p]laintiff has submitted no proof to the contrary" (*Gill v Welch*, 136 AD2d 940, 940), "[t]here is no evidence from which to infer that the dog exhibited vicious propensities at a time when defendant was present on the property . . . nor is there any evidence that anyone communicated any complaints about the dog to defendant" (*LePore v DiCarlo*, 272 AD2d 878, 879, *lv denied* 95 NY2d 761; *see Craft v Whittmarsh*, 83 AD3d 1271, 1272; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff's mere speculation that defendant might have had knowledge of a prior incident involving the dog is insufficient to raise a triable issue of fact in opposition to summary judgment (*see Craft*, 83 AD3d at 1273; *see generally Miletich v Kopp*, 70 AD3d 1095, 1096).

Entered:  December 28, 2012

Frances E. Cafarell
Clerk of the Court