Toher v Duchnycz (2019 NY Slip Op 03487)





Toher v Duchnycz


2019 NY Slip Op 03487


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


220 CA 18-02064

[*1]JILL TOHER, PLAINTIFF-RESPONDENT,
v
ANDREW J. DUCHNYCZ, JR., DEFENDANT-APPELLANT. 






COSTELLO, COONEY & FEAFRON, PLLC, CAMILLUS (ERIN K. SKUCE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SCOTT OBERMAN, HERKIMER, FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Herkimer County (Charles C. Merrell, J.), entered July 26, 2018. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the complaint is dismissed.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she was bitten by a dog owned by tenants living in a house owned by defendant. Defendant appeals from an order denying his motion for summary judgment dismissing the complaint. We reverse.
It is well established that " [t]o recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises[,] (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog' " (Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039 [2d Dept 2017]). Here, it is undisputed that defendant was aware that a dog was kept on the premises by his tenants and that he could have required them to remove or confine the dog. Nevertheless, defendant met his initial burden on the motion by establishing as a matter of law that he lacked actual or constructive knowledge that his tenants' dog had any vicious propensities (see Faraci v Urban, 101 AD3d 1753, 1754 [4th Dept 2012]; LePore v DiCarlo, 272 AD2d 878, 879 [4th Dept 2000], lv denied 95 NY2d 961 [2000]; Gill v Welch, 136 AD2d 940, 940 [4th Dept 1988]), and plaintiff failed to raise a triable issue of fact (see Faraci, 101 AD3d at 1754-1755; cf. Arrington v Cohen, 150 AD3d 1695, 1696 [4th Dept 2017]).
Furthermore, to the extent that plaintiff's complaint includes a negligence cause of action, we conclude that the court erred in failing to dismiss that cause of action inasmuch as "[c]ases involving injuries inflicted by domestic animals may only proceed under strict liability based on the owner's knowledge of the animal's vicious propensities, not on theories of common-law negligence" (Russell v Hunt, 158 AD3d 1184, 1185 [4th Dept 2018] [internal quotation marks omitted]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court