Brooks v Adell (2022 NY Slip Op 07046)

Brooks v Adell

2022 NY Slip Op 07046

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2021-02940
 (Index No. 53126/18)

[*1]Juanita J. Brooks, appellant, 
v
Lonnie Adell, defendant, Dwayne Douglas, et al., respondents.

Goldstein & Goldstein, LLP, Poughkeepsie, NY (Lindsey M. Goldstein of counsel), for appellant.
John Trop, Middletown, NY (Julie E. Iacobucci of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hal B. Greenwald, J.), dated April 15, 2021. The order granted the motion of the defendants Dwayne Douglas and Peta-Gay Douglas for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for injuries she allegedly sustained on October 28, 2015, when she was attacked and bitten by a pit bull harbored by the defendant Lonnie Adell, who rented a basement apartment in the home of the defendants Dwayne Douglas and Peta-Gay Douglas (hereinafter together the defendants). The plaintiff alleged, inter alia, that the defendants knew or should have known that Adell's dog had vicious propensities.
After issue was joined, the defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not know, nor should they have known, that Adell's dog had vicious propensities. In an order dated April 15, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see Velez v Andrejka, 126 AD3d 685, 686). "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation'" (Collier v Zambito, 1 NY3d 444, 446, quoting Dickson v McCoy, 39 NY 400, 403; see Costanza v Scarlata, 188 AD3d 1145, 1146). "Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm" (Ioveno v Schwartz, 139 AD3d 1012, 1012; see Collier v Zambito, 1 NY3d at 446-447; Costanza v Scarlata, 188 AD3d at 1146). Knowledge of "normal canine behavior," such as running around, pulling on a leash and barking at [*2]another dog or passersby, barking at strangers, or chasing animals, will not support a finding of knowledge of vicious propensities (Collier v Zambito, 1 NY3d at 447; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155 [internal quotation marks omitted]; see Gill v Welch, 136 AD2d 940, 940; Campo v Holland, 32 AD3d 630, 631).
Here, the defendants established, prima facie, that they were not aware, nor should they have been aware, that Adell's dog had any vicious propensities (see Elardi v Morales, 192 AD3d 1074; Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039; see also Orozco v 725 S. Blvd., LLC, 82 AD3d 480, 480; LePore v DiCarlo, 272 AD2d 878, 879). Contrary to the plaintiff's contention, the evidence submitted by the defendants did not present a triable issue of fact (see Palumbo v Nikirk, 59 AD3d 691, 692). The plaintiff's belief that a "beware of dog" sign placed on the property by the defendants had been posted in direct response to the dog's behavior was based upon sheer speculation and unsupported by the evidence in the record (cf. Miller v Isacoff, 39 AD3d 718, 718-719; Coon v Holmes, 253 AD2d 731, 731). Furthermore, neither the plaintiff's testimony that the dog had a reputation for viciousness among the neighbors, nor the defendants' frequent presence on the property, were sufficient to impute knowledge of the dog's vicious propensities to the defendants (see Ortiz v New York City Hous. Auth., 105 AD3d 652, 653; Shannon v Schultz, 259 AD2d 937, 938; cf. Woodman v Rosier, 1 AD3d 1033, 1033; Dixon v Frazini, 188 AD2d 1054, 1054).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the defendants knew or should have known of the dog's vicious propensities. The plaintiff's evidence of a prior incident in which the dog broke his leash and bit a man, which occurred before Adell and the dog resided at the defendants' property, did not raise a triable issue of fact as to whether the defendants knew or should have known of the dog's vicious propensities (see Faraci v Urban, 101 AD3d 1753, 1754). Similarly, an affidavit submitted by a neighbor, stating that he observed the dog running loose on many occasions, that the dog barked and growled at persons and animals, and that he was fearful of the dog, was insufficient to raise a triable issue of fact as to whether the defendants knew or should have known that the dog had vicious propensities, as the neighbor did not indicate whether he ever informed the defendants of the dog's behavior or if any of the behavior described ever occurred in the presence of the defendants (see id. at 1754).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., WOOTEN, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court