Murga v Yarusso (2023 NY Slip Op 02130)

Murga v Yarusso

2023 NY Slip Op 02130

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2021-00173
 (Index No. 605534/18)

[*1]Francisco Murga, appellant,
v
Richard Yarusso, respondent.

Max D. Leifer, P.C., New York, NY, for appellant.
Rankin Savidge, PLLC (Thomas Torto, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated December 1, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of an encounter with the defendant's dog. The plaintiff testified at his deposition that he was walking in the street for exercise, when the defendant's dog ran from the defendant's property into the street and pushed the plaintiff to the ground. The dog did not bite the plaintiff. The plaintiff described the dog as acting like "a big puppy" and thought that the dog was trying to play with him. By contrast, at his deposition, the defendant testified that his dog was running in his front lawn to catch a ball that the defendant had thrown, that the dog did not go into the street or have contact with the plaintiff, and that the defendant believed that the plaintiff tripped upon seeing his dog.
The complaint alleged that the defendant was negligent in failing to keep the dog under control and to take protective measures knowing of the aggressive propensity of the dog. The defendant moved for summary judgment dismissing the complaint, submitting, inter alia, the transcripts of the parties' deposition testimony and further evidence that the dog did not have any known vicious propensities. In opposition to the motion, the plaintiff argued that the dog's nature was irrelevant, and the defendant was negligent for "throwing a ball during a game of catch," which caused the dog to collide with the plaintiff at a high rate of speed. The Supreme Court granted the motion. The plaintiff appeals.
"[A]n owner of a dog may be liable for injuries caused by that animal only when the owner had or should have had knowledge of the animal's vicious propensities" (Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d 541, 547; see Petrone v Fernandez, 12 NY3d 546, 550; Bard v Jahnke, 6 NY3d 592, 599; Collier v Zambito, 1 NY3d 444, 446). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Collier v Zambito, 1 NY3d at 446 [internal quotation marks omitted]; see Bard v Jahnke, 6 NY3d at 596-597). Here, the plaintiff does not dispute that the defendant established that [*2]he was not aware, nor should have been aware, of any vicious propensities of the subject dog.
The plaintiff contends that the defendant may be liable for his negligence in throwing the ball, which caused the dog to run into the street and knock the plaintiff to the ground. Even assuming that the evidence submitted on the motion supported this view of the facts, the plaintiff cannot recover under such a theory, as New York does not recognize a common-law negligence cause of action to recover damages for an owner's alleged negligence in the handling of a dog (see Doerr v Goldsmith, 25 NY3d 1114, 1116; Petrone v Fernandez, 12 NY3d at 550; DeCollibus v Schimmel, 212 AD3d 555, 556; Long v Hess, 162 AD3d 1646, 1646; Brady v Contangelo, 148 AD3d 1544, 1545; Egan v Hom, 74 AD3d 1133, 1134).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court