J.D. v Golden Brick Dev. JP, LLC (2023 NY Slip Op 03340)

J.D. v Golden Brick Dev. JP, LLC

2023 NY Slip Op 03340

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-00671
2020-03181
2020-03219
 (Index No. 705584/17)

[*1]J.D. R.G., etc., et al., appellants,
v
Golden Brick Development JP, LLC, respondent, et al., defendant.

Manuel D. Gomez, New York, NY, for appellants.
Weiner Millo Morgan & Bonanno, LLC, New York, NY (Laina R. Boris of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated December 16, 2019, (2) an order of the same court dated February 5, 2020, and (3) an order of the same court dated February 21, 2020. The order dated December 16, 2019, granted the motion of the defendant Golden Brick Development JP, LLC, for summary judgment dismissing the complaint insofar as asserted against it. The order dated February 5, 2020, denied the plaintiffs' motion for leave to amend the bill of particulars. The order dated February 21, 2020, insofar as appealed from, denied that branch of the plaintiffs' motion which was for leave to reargue their opposition to the motion of the defendant Golden Brick Development JP, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the appeal from the order dated February 21, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated December 16, 2019, is affirmed; and it is further,
ORDERED that the order dated February 5, 2020, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Golden Brick Development JP, LLC.
The infant plaintiff, and his mother suing derivatively, commenced this action against, among others, the defendant Golden Brick Development JP, LLC (hereinafter Golden), the owner of the premises adjoining the plaintiffs' property. The plaintiffs alleged that in March 2017 the infant plaintiff was bitten by a dog in a shared driveway between the plaintiffs' premises and Golden's premises. Golden moved for summary judgment dismissing the complaint insofar as asserted against it. After the plaintiffs served their opposition to the motion for summary judgment, they moved for leave to amend the bill of particulars. In an order dated December 16, 2019, the [*2]Supreme Court granted Golden's motion. In an order dated February 5, 2020, the court denied the plaintiffs' motion. The plaintiffs appeal.
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises[,] (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Brooks v Adell, 211 AD3d 792, 792 [internal quotation marks omitted]; see Sarno v Kelly, 78 AD3d 1157, 1157).
Here, Golden established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. The evidence submitted by Golden in support of its motion included the affidavit and transcript of the deposition testimony of its property manager, which established that Golden was unaware that the dog at issue was regularly harbored on the premises (see J.R. v Poonam Apts., LLC, 186 AD3d 1421, 1422), or that it had any vicious propensities (see Brooks v Adell, 211 AD3d at 792-793). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, the deposition testimony of the infant plaintiff and the mother that they had observed the dog on the premises since January 2017 and that it barked aggressively at people, was insufficient to raise a triable issue of fact that Golden knew about the dog at the premises or knew that it had vicious propensities (see id.). Accordingly, the Supreme Court properly granted Golden's motion for summary judgment dismissing the complaint insofar as asserted against it.
"Leave to amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise" (Lorincz v Castellano, 208 AD3d 573, 574; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543). "However, once discovery has been completed and the case has been certified for trial, a party will not be permitted to amend the bill of particulars except upon a showing of special and extraordinary circumstances" (Lorincz v Castellano, 208 AD3d at 574-575; see Achee v Merrick Vil., Inc., 208 AD3d at 543). "Where the motion for leave to amend a pleading is made long after the action has been certified for trial, judicial discretion in allowing such amendments should be discrete, circumspect, prudent, and cautious" (Lorincz v Castellano, 208 AD3d at 575 [internal quotation marks omitted]; see Morris v Queens Long Is. Med. Group, P.C., 49 AD3d 827, 828). Here, the plaintiffs' proposed amended bill of particulars sought to add new factual allegations and assert a new theory of liability. Contrary to the plaintiffs' contention, they failed to offer a reasonable excuse for waiting over two years after the incident had occurred, and months after discovery had been completed and a note of issue had been filed, to move for leave to amend the bill of particulars. Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to amend the bill of particulars (see Lorincz v Castellano, 208 AD3d at 575; Achee v Merrick Vil., Inc., 208 AD3d at 542-543).
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court