Zimmer v Maxwell (2023 NY Slip Op 04796)

Zimmer v Maxwell

2023 NY Slip Op 04796

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2021-01861
 (Index No. 612598/17)

[*1]Samantha Zimmer, etc., et al., appellants,
v
Cory Maxwell, et al., respondents.

Monaco & Monaco, LLP, Brooklyn, NY (Frank A. Delle Donne of counsel), for appellants.
Gallo, Vitucci & Klar, LLP, Woodbury, NY (Andrew M. Lauri of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated February 4, 2021. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiffs' cross-motion which was for leave to amend the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 17, 2015, the infant plaintiff allegedly was injured when she was bit by the defendants' dog. The infant plaintiff, by her mother and natural guardian, and her mother suing derivatively, commenced this personal injury action, and, after issue was joined, the defendants moved for summary judgment dismissing the complaint on the ground that they did not know or have reason to know that the dog had vicious propensities. The plaintiffs cross-moved, inter alia, for leave to amend the complaint. The Supreme Court granted the motion and denied that branch of the cross-motion. The plaintiffs appeal.
"An owner of a domestic animal that causes harm may only be held liable where the owner knows or should have known of the animal's vicious propensities" (Brinkman v Field, 164 AD3d 1205, 1205; see Petrone v Fernandez,12 NY3d 546, 550; Collier v Zambito,1 NY3d 444, 446-447). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Costanza v Scarlata, 188 AD3d 1145, 1146 [internal quotation marks omitted]).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by attesting to the fact that, to their knowledge, the dog did not engage in behaviors that demonstrated vicious propensities. In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' expert stated that evidence tending to prove that a dog has vicious propensities included excessive visits to the veterinarian, a skin condition, and a proclivity to scratch his own body, without citing any data showing that those conditions were evidence of vicious propensities. [*2]An expert opinion based upon speculation is of no probative value (see Gover v Mastic Beach Prop. Owners Assn., 57 AD3d 729, 731; Levy v Kung Sit Huie, 54 AD3d 731).
The plaintiffs' remaining contentions are without merit.
DILLON, J.P., GENOVESI, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court