Castillo v Berne (2024 NY Slip Op 04191)

Castillo v Berne

2024 NY Slip Op 04191

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2023-04370
 (Index No. 700663/21)

[*1]Oliver Castillo, appellant-respondent, 
v
Danielle Berne, etc., respondent, Patricia Hettenbach, respondent-appellant.

Latos, Latos & Associates, P.C., Astoria, NY (Marina Zapantis of counsel), for appellant-respondent.
Lawrence & Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel) for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Patricia Hettenbach cross-appeals, from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered April 6, 2023. The order, insofar as appealed from, granted that branch of the motion of the defendant Danielle Berne which was for summary judgment dismissing the amended complaint insofar as asserted against her and granted that branch of the cross-motion of the defendant Patricia Hettenbach which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against her. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is affirmed insofar as appealed from, with costs to the defendant Danielle Berne payable by the plaintiff.
On the afternoon of December 8, 2019, a dog owned by the defendant Patricia Hettenbach jumped on the plaintiff, a delivery person, causing him to fall twice, and bit his pants. This incident occurred on the exterior grounds of premises owned by the defendant landlord Danielle Berne and leased to Hettenbach. The plaintiff commenced this action against the defendants to recover damages for personal injuries. Berne moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against her. Hettenbach cross-moved, among other things, for summary judgment dismissing the amended complaint insofar as asserted against her. In an order entered April 6, 2023, the Supreme Court, inter alia, granted that branch of Berne's motion and granted that branch of Hettenbach's cross-motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against her. The plaintiff appeals.
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises, (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (J.D.R.G. v Golden Brick Dev. JP, LLC, 217 AD3d 846, 847 [alterations and internal quotation [*2]marks omitted]; see Brooks v Adell, 211 AD3d 792; Sarno v Kelly, 78 AD3d 1157). "'Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm'" (King v Hoffman, 178 AD3d 906, 908, quoting Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d 592, 597; Matthew H. v County of Nassau, 131 AD3d 135, 147). "In addition, an animal that behaves in a manner that would not necessarily be considered dangerous or ferocious, but nevertheless reflects a proclivity to act in a way that puts others at risk of harm, can be found to have vicious propensities—albeit only when such proclivity results in the injury giving rise to the lawsuit" (Collier v Zambito, 1 NY3d 444, 447; see Bard v Jahnke, 6 NY3d at 597).
Here, Berne established, prima facie, that she was not aware, nor should she have been aware, that Hettenbach's dog had any vicious propensities (see Brooks v Adell, 211 AD3d at 793; Gammon v Curley, 147 AD3d 727, 728-729). In opposition, the plaintiff failed to raise a triable issue of fact. The mere fact that the dog at issue was a pit bull was insufficient to raise a triable issue of fact as to whether Berne should have been aware that the dog had vicious propensities (see Palumbo v Nikirk, 59 AD3d 691, 692; Sers v Manasia, 280 AD2d 539).
"New York has permitted," under fact-specific and limited circumstances, "negligence claims against various defendants who did not own the animal that injured the plaintiff" (Cantore v Costantine, 221 AD3d 56, 62 [internal quotation marks omitted]). Here, however, since Berne demonstrated, prima facie, that she was not aware, nor should she have been aware, that Hettenbach's dog had any vicious propensities, she established, prima facie, that she could not be held liable under a theory of common-law negligence (see Strunk v Zoltanski, 62 NY2d 572, 575-576; Cantore v Costantine, 221 AD3d at 62-67). In opposition, the plaintiff failed to raise a triable issue of fact.
With respect to Hettenbach, as the plaintiff concedes, New York does not recognize a common-law negligence cause of action to recover damages for an owner's alleged negligence in the handling of a dog (see Doerr v Goldsmith, 25 NY3d 1114, 1116; Petrone v Fernandez, 12 NY3d 546, 550; Murga v Yarusso, 215 AD3d 979, 980).
Accordingly, the Supreme Court properly granted that branch of Berne's motion which was for summary judgment dismissing the amended complaint insofar as asserted against her and properly granted that branch of Hettenbach's cross-motion which was for summary judgment dismissing the cause of action alleging common-law negligence insofar as asserted against her.
BRATHWAITE NELSON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court