Felice v Margolies (2025 NY Slip Op 00432)

Felice v Margolies

2025 NY Slip Op 00432

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-10473
 (Index No. 609997/19)

[*1]William Felice, appellant, 
v
Andrew Margolies, et al., respondents.

Kenneth J. Ready, Mineola, NY (John F. Ready of counsel), for appellant.
John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), dated June 29, 2023. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
In December 2018, the plaintiff allegedly was injured when he was bitten by a dog owned by the defendants while the plaintiff was walking his dogs on a street in Smithtown. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries.
The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that there was no evidence that their dog had any vicious propensities of which they were or should have been aware. By order dated June 29, 2023, the Supreme Court, among other things, granted the defendants' motion. The plaintiff appeals.
The sole means of recovery against a dog owner for injuries caused by a dog bite or attack "is upon a theory of strict liability, whereby 'a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities'" (Bukhtiyarova v Cohen, 172 AD3d 1153, 1154, quoting Ioveno v Schwartz, 139 AD3d 1012, 1012; see Hewitt v Palmer Veterinary Clinic, PC, 35 NY3d 541, 548; Bard v Jahnke, 6 NY3d 592, 599). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation. Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Cantore v Costantine, 221 AD3d 56, 61 [citations and internal quotation marks omitted]; see Agro v Olivieri, 226 AD3d 734, 734). Knowledge of an animal's vicious propensities may also be discerned, for example, from the nature and result of the attack (see I.A. v Mejia, 174 AD3d 770, 771). In contrast, "[k]nowledge of normal canine behavior, such as running around, pulling on a [*2]leash and barking at another dog or passersby, barking at strangers, or chasing animals, will not support a finding of knowledge of vicious propensities" (Brooks v Adell, 211 AD3d 792, 793 [internal quotation marks omitted]; see Agro v Olivieri, 226 AD3d at 734).
Here, the defendants met their prima facie burden of demonstrating their entitlement to judgment as a matter of law dismissing the complaint by submitting, inter alia, transcripts of their deposition testimony, which demonstrated that the defendants were unaware of any incident where their dog bit any person or animal, acted aggressively, viciously, or ferociously, or attacked, harmed, or threatened to harm any person or animal (see I.A. v Mejia, 174 AD3d at 771; see also Agro v Olivieri, 226 AD3d at 735; Kennedy v Brooklyn Hospitality, LLC, 217 AD3d at 932; Drakes v Bakshi, 175 AD3d 465, 466; cf. Piedimonte v Alvarenga-Benitez, 226 AD3d 933). In opposition, however, when viewing the evidence submitted on the defendants' motion in the light most favorable to the plaintiff (see Stukas v Streiter, 83 AD3d 18, 22), the affidavit of the plaintiff's mother raised a triable issue of fact as to whether the defendants knew or should have known that their dog had vicious propensities (see I.A. v Mejia, 174 AD3d at 772).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court