Slotnick v Chaikin (2025 NY Slip Op 03217)

Slotnick v Chaikin

2025 NY Slip Op 03217

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LARA J. GENOVESI
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-06108
 (Index No. 609881/19)

[*1]Elizabeth Slotnick, appellant, 
v
Michael Chaikin, et al., defendants, Jessica Antonaccio, respondent.

Walker & Mackenzie, P.C., Bohemia, NY (Megan M. Mackenzie of counsel), for appellant.
Bongiorno Montiglio Mitchell & Palmieri, PLLC, Mineola, NY (Alexys M. Carter of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated June 23, 2023. The order granted the motion of the defendant Jessica Antonaccio for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the order is affirmed, with costs.
In June 2018, the plaintiff allegedly was injured when she was bitten by a dog owned by the defendant Jessica Antonaccio (hereinafter the defendant). In May 2019, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant. The defendant moved for summary judgment dismissing the complaint insofar as asserted against her. In an order dated June 23, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals, arguing that the defendant knew or should have known of the dog's vicious propensities.
"To recover upon a theory of strict liability in tort for a dog bite or attack, a plaintiff must prove that the dog had vicious propensities and that the owner of the dog . . . knew or should have known of such propensities" (Palumbo v Nikirk, 59 AD3d 691, 691; see Drakes v Bakshi, 175 AD3d 465, 465). "'Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation'" (King v Hoffman, 178 AD3d 906, 908, quoting Bard v Jahnke, 6 NY3d 592, 596-597). "'Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm"' (Brooks v Adell, 211 AD3d 792, 792, quoting Ioveno v Schwartz, 139 AD3d 1012, 1012). However, "normal canine behavior," such as running around, pulling on a leash, barking at another dog or passerby, barking at strangers, or chasing animals, will not support a finding that a dog exhibited vicious propensities (Collier v Zambito, 1 NY3d 444, 477; see Brooks v Adell, 211 AD3d at 793).
Here, the defendant established her prima facie entitlement to judgment as a matter [*2]of law by presenting evidence that she was not aware, nor should she have been aware, that the dog had any vicious propensities (see Zimmer v Maxwell, 219 AD3d 1565, 1566; Costanza v Scarlata, 188 AD3d 1145, 1146). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the dog was kept as a guard dog was unsupported. Further, the nature and severity of the attack does not demonstrate that the defendant knew or should have known of the dog's alleged vicious propensities (see Agro v Olivieri, 226 AD3d 734, 735; Sattler v Passaro, 211 AD3d 983).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
LASALLE, P.J., GENOVESI, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court