Yi-Ching Liu v Chu (2026 NY Slip Op 00284)

Yi-Ching Liu v Chu

2026 NY Slip Op 00284

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-07970
 (Index No. 708729/20)

[*1]Yi-Ching Liu, respondent,
vPhilip J. Chu, et al., appellants.

Hammill Croutier Pender Koehler Lawless & Moulton, P.C., Syosset, NY (Anton Piotroski of counsel), for appellants.
Keogh Crispi, P.C., New York, NY (Pat James Crispi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), dated June 13, 2023. The order, insofar as appealed from, denied the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.
In April 2020, the plaintiff allegedly was injured when he was knocked to the ground by a dog owned by the defendants while he was delivering food to the defendants' home located in East Setauket. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging that the defendants had actual and constructive knowledge of the vicious propensities of their dog and, thus, in effect, were strictly liable.
In January 2023, the defendants moved for summary judgment dismissing the complaint, contending that there was no evidence that their dog possessed vicious propensities and that they had no knowledge of any such propensities. The plaintiff opposed the motion. In an order dated June 13, 2023, the Supreme Court, inter alia, denied the motion. The defendants appeal.
"To recover in strict liability for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities" (Drakes v Bakshi, 175 AD3d 465, 465; see Sattler v Passaro, 211 AD3d 983, 984; Bukhtiyarova v Cohen, 172 AD3d 1153, 1154). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Gammon v Curley, 147 AD3d 727, 728 [internal quotation marks omitted]; see Murga v Yarusso, 215 AD3d 979, 980). "Knowledge of vicious propensities may be established by evidence of, among other things, a prior similar attack or by evidence that the dog was known to growl, snap, or bare its teeth" (Hai v Psoras, 166 AD3d 732, 733; see Flanders v Goodfellow, 44 NY3d 57, 63; Argo v Olivieri, 226 AD3d 734, 734). In contrast, "'[k]nowledge of normal canine behavior, such as running around, pulling on a leash and barking at another dog or passerby, barking at strangers, or chasing animals, will not support a finding of knowledge of vicious propensities'" [*2](Felice v Margolies, 234 AD3d 940, 941, quoting Brooks v Adel, 211 AD3d 792, 793; see Argo v Olivieri, 226 AD3d at 734-735; Bukhtiyarova v Cohen, 172 AD3d at 1155).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint by demonstrating that they were not aware, nor should have been aware, that the dog had vicious propensities (see Bukhtiyarova v Cohen, 172 AD3d at 1155; Gammon v Curley, 147 AD3d at 728-729). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's affidavit raised only feigned issues of fact designed to avoid the consequences of his earlier deposition testimony (see Hodgson-Romain v Hunter, 72 AD3d 741, 742; Levine v Kadison, 70 AD3d 651, 652).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court