Costanza v Scarlata (2020 NY Slip Op 07030)





Costanza v Scarlata


2020 NY Slip Op 07030


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2019-01618
 (Index No. 607905/16)

[*1]Gianna Costanza, etc., appellant, 
v
Joseph Scarlata, et al., respondents.


Walsh & Roth, LLP, West Babylon, NY (David I. Roth of counsel), for appellant.
Martyn, Martyn, Smith & Murray, Hauppauge, NY (Catherine M. Martyn of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 4, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint and denied the plaintiff's cross motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On January 2, 2015, the plaintiff was bitten on her face by the defendants' dog. The plaintiff, by her mother, commenced this personal injury action against the defendants, alleging, inter alia, that they harbored a dog with vicious propensities. The defendants moved for summary judgment dismissing the complaint, arguing that they had no knowledge that the dog had vicious propensities. The plaintiff cross-moved for summary judgment on the issue of liability. The Supreme Court granted the defendants' motion and denied the plaintiff's cross motion. The plaintiff appeals. We affirm.
"'[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities'" (Doerr v Goldsmith, 25 NY3d 1114, 1121, quoting Collier v Zambito, 1 NY3d 444, 446). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Bard v Jahnke, 6 NY3d at 597; Velez v Andrejka, 126 AD3d 685, 686).
Here, the defendants made a prima facie showing of their entitlement to judgment as a matter of law by demonstrating that they were not aware, nor should they have been aware, that the dog had ever bitten anyone or exhibited aggressive behavior prior to the attack (see Hai v Psoras, 166 AD3d 732, 733; Carroll v Kontarinis, 150 AD3d 960, 960-961). In opposition, the plaintiff failed to raise a triable issue of fact. The fact that the dog occasionally jumped on people when [*2]greeting them was insufficient to raise a triable issue of fact as to whether it had vicious propensities (see Bukhtiyarova v Cohen, 172 AD3d 1153; M.B. v Hanson, 168 AD3d 706). Further, the nature and severity of the attack does not demonstrate that the defendants knew or should have known of the dog's alleged vicious propensities (see Hai v Psoras, 166 AD3d at 734). For the same reasons, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint and deny the plaintiff's cross motion for summary judgment on the issue of liability.
DILLON, J.P., LASALLE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court