Orsini v Cromarty (2021 NY Slip Op 08197)





Orsini v Cromarty


2021 NY Slip Op 08197


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2019-06623
 (Index No. 612159/17)

[*1]Cathy Orsini, et al., appellants, 
v
Woodrow Cromarty, et al., respondents, et al., defendant.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Demby and Christi M. Kunzig of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 7, 2019. The order granted the motion of the defendants Woodrow Cromarty and Danielle Grunert for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Woodrow Cromarty and Danielle Grunert for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff Cathy Orsini (hereinafter the plaintiff) allegedly sustained personal injuries when a Bullmastiff weighing more than 100 pounds escaped from its owners' fenced-in property, jumped on the plaintiff's back, and caused her to fall to the ground. The plaintiff, and her husband suing derivatively, commenced this action against, among others, the defendants Woodrow Cromarty and Danielle Grunert, the owners of the dog. Cromarty and Grunert moved for summary judgment dismissing the complaint insofar as asserted against them, contending, inter alia, that they were not aware of their dog's alleged vicious propensities. The Supreme Court granted the motion. The plaintiffs appeal.
To recover in strict liability in tort for damages caused by a dog, the plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (see Petrone v Fernandez, 12 NY3d 546, 550; Matthew H. v County of Nassau, 131 AD3d 135, 144). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]).
On appeal, the plaintiffs concede that Cromarty and Grunert met their initial burden as the movants, but argue that, in opposition, they submitted evidence sufficient to raise a triable issue of fact. Contrary to Cromarty's and Grunert's contention, the affidavit of the plaintiffs' son Eric Orsini, submitted in opposition to the motion, was in admissible form and should have been considered by the Supreme Court in determining the motion (see Furtow v Jenstro Enters., Inc., 75 [*2]AD3d 494, 494-495; Feinman v Mennan Oil Co., 248 AD2d 503, 504). That affidavit and the deposition testimony of the parties raised triable issues of fact as to whether Cromarty and Grunert knew or should have known of their dog's alleged vicious propensities (see generally Bard v Jahnke, 6 NY3d 592; Dykeman v Heht, 52 AD3d 767; Goldberg v LoRusso, 288 AD2d 257).
Accordingly, the Supreme Court should have denied the motion of Cromarty and Grunert for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court