Elardi v Morales (2021 NY Slip Op 01961)





Elardi v Morales


2021 NY Slip Op 01961


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-10713
 (Index No. 500/13)

[*1]James Elardi, respondent, 
v
Sergio Morales, defendant, Carl Weber, Jr., appellant.


Scott Lockwood, Deer Park, NY, for appellant.
David Horowitz, P.C., New York, NY (Christopher S. Joslin of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Carl Weber, Jr., appeals from an order of the Supreme Court, Suffolk County (Vincent J. Martorana, J.), entered August 8, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Carl Weber, Jr., for summary judgment dismissing the complaint insofar as asserted against him is granted.
On July 9, 2012, the plaintiff allegedly sustained injuries when he was bitten by two dogs that escaped from within a fenced yard of premises located in Wyandanch. The plaintiff commenced this action against the owner of the dogs, the defendant Sergio Morales, and the owner of the property, the defendant Carl Weber, Jr. Thereafter, Weber moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court denied the motion, and Weber appeals.
"The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability" (King v Hoffman, 178 AD3d 906, 908). "To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises, (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see J.R. v Poonam Apartments, LLC, 186 AD3d 1421, 1422; Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039).
Here, Weber established, prima facie, that he was not aware, nor should he have been aware, that the dogs had any vicious propensities (see Kraycer v Fowler St., LLC, 147 AD3d at 1039). In opposition to that showing, the plaintiff failed to raise a triable issue of fact (see King v Hoffman, 178 AD3d at 909).
Accordingly, the Supreme Court should have granted Weber's motion for summary [*2]judgment dismissing the complaint insofar as asserted against him.
HINDS-RADIX, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court