Sattler v Passaro (2022 NY Slip Op 07254)

Sattler v Passaro

2022 NY Slip Op 07254

Decided on December 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-04727
 (Index No. 606866/18)

[*1]Robert Sattler, appellant, 
v
Marco Passaro, respondent.

Milenkovic Law Group PLLC, White Plains, NY (Srdjan Milenkovic of counsel), for appellant.
Abamont & Associates, Garden City, NY (Thomas G. Carton of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Roy S. Mahon, J.), entered May 18, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action in May 2018 to recover damages for personal injuries he alleged arose from an incident in July 2017 wherein the defendant's dog bit him. The plaintiff asserted causes of action alleging, inter alia, negligence and strict liability. The plaintiff alleged that, on the day at issue, he was walking on a sidewalk in Long Beach when the defendant's dog, a German shepard, which was not chained or leashed, ran at him while growling and bit him on the hip. The plaintiff alleged that, although the bite did not break his skin, he sustained bruising and emotional trauma. The defendant thereafter moved for summary judgment dismissing the complaint submitting, among other things, the transcript of his deposition testimony in support of the motion. The plaintiff opposed. In an order entered May 18, 2020, the Supreme Court granted the motion. The plaintiff appeals. We affirm.
To recover in strict liability for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities (see Petrone v Fernandez, 12 NY3d 546, 550; M.B. v Hanson, 168 AD3d 706, 708). Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others (see Collier v Zambito, 1 NY3d 444, 446; Drakes v Bakshi, 175 AD3d 465, 465). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Drakes v Bakshi, 175 AD3d at 466).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating, through his deposition testimony, that he was not aware, nor should have [*2]been aware, that the dog had previously bitten anyone or had vicious propensities (see Costanza v Scarlata, 188 AD3d 1145, 1146; Cintorrino v Rowsell, 163 AD3d 919, 920). In opposition, the plaintiff failed to raise a triable issue of fact. The only evidence offered by the plaintiff to demonstrate that, prior to this incident, the dog exhibited fierce or violent tendencies was inadmissible hearsay, which is insufficient, on its own, to bar summary judgment (see Ciliotta v Ranieri, 149 AD3d 1032, 1033; Roche v Bryant, 81 AD3d 707, 708). Further, the nature and severity of the attack does not demonstrate that the defendant knew or should have known of the dog's alleged vicious propensities (see Hai v Psoras, 166 AD3d 732, 734).
The plaintiff's remaining contention is without merit (see Roche v Bryant, 81 AD3d at 708).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MALTESE, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court