Quintanilla v Schutt (2023 NY Slip Op 00339)

Quintanilla v Schutt

2023 NY Slip Op 00339

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-04015
 (Index No. 608726/17)

[*1]Reynaldo Quintanilla, respondent,
v
Thomas Schutt, et al., defendants, Kathleen Violante, et al., appellants.

Shearer PC, Locust Valley, NY (Mark G. Vaughan of counsel), for appellants.
Bergman, Bergman, Fields & Lamonsoff, LLP, Kew Gardens, NY (Michael E. Bergman and Julie T. Mark of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Kathleen Violante and Vincent Violante appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered May 14, 2020. The order, insofar as appealed from, denied that branch of the motion of the defendants Kathleen Violante and Vincent Violante which was for summary judgment dismissing the causes of action alleging strict liability insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 12, 2016, the plaintiff, a mail carrier for the United States Postal Service, was delivering mail to property owned by the defendants Kathleen Violante and Vincent Violante (hereinafter together the landlord defendants) when he was bitten by a dog owned by a tenant of the landlord defendants. The plaintiff commenced this personal injury action against, among others, the landlord defendants asserting causes of action alleging, inter alia, strict liability. Following discovery, the landlord defendants moved, among other things, for summary judgment dismissing the strict liability causes of action insofar as asserted against them. The Supreme Court, inter alia, denied that branch of the landlord defendants' motion, concluding that there were triable issues of fact as to whether the landlord defendants knew or should have known that the tenant's dog had vicious propensities. The landlord defendants appeal.
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Elardi v Morales, 192 AD3d 1074, 1074; see Bukhtiyarova v Cohen, 172 AD3d 1153, 1154). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation" (Bard v Jahnke, 6 NY3d 592, 596-597 [internal quotation marks omitted]; see Orsini v Cromarty, 191 AD3d 1011, 1011). "Evidence tending to prove that a dog has vicious propensities includes a prior attack, [or] the dog's tendency to growl, snap, or bare its teeth" (Costanza v Scarlata, 188 AD3d 1145, 1146 [internal quotation marks omitted]; see Collier v Zambito, 1 NY3d 444, 446-447).
Here, the landlord defendants established their prima facie entitlement to judgment as a matter of law dismissing the strict liability causes of action insofar as asserted against them, by demonstrating that they neither knew nor should have known that the dog had vicious propensities (see Collier v Zambito, 1 NY3d at 446-447; Elardi v Morales, 192 AD3d at 1075; Bukhtiyarova v Cohen, 172 AD3d at 1154). However, in opposition, the plaintiff raised a triable issue of fact as to whether the landlord defendants knew or should have known that the dog had vicious propensities (see Orsini v Cromarty, 191 AD3d at 1012; Rosenbaum v Rauer, 80 AD3d 686, 686). The plaintiff submitted, inter alia, a transcript of his deposition testimony, in which he testified that since 2011, he had spoken with the landlord defendants multiple times about the dog's vicious propensities, including the dog's aggressive behavior and tendency to growl and bare its teeth. The plaintiff's testimony contradicted the landlord defendants' evidence that they were unaware that the dog had vicious propensities. As the plaintiff's evidence presented questions of credibility which may not be resolved on a motion for summary judgment, the Supreme Court properly denied that branch of the landlord defendants' motion which was for summary judgment dismissing the strict liability causes of action insofar as asserted against them (see Bisignano v Raabe, 128 AD3d 751, 753; see also M.B. v Hanson, 168 AD3d 706, 708).
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court