Kennedy v Brooklyn Hospitality, LLC (2023 NY Slip Op 03456)

Kennedy v Brooklyn Hospitality, LLC

2023 NY Slip Op 03456

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2021-02743
 (Index No. 520960/18)

[*1]Dwight Kennedy, appellant, 
v
Brooklyn Hospitality, LLC, respondent, et al., defendants.

Friedman & Simon, LLP, Jericho, NY (John G. Papadopoulos of counsel), for appellant.
McCarthy & Associates, Melville, NY (Patrick J. Morale of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated March 30, 2021. The order granted the motion of the defendant Brooklyn Hospitality LLC for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
On April 1, 2017, the plaintiff was bitten by a nonparty guest's dog in the lobby of a pet-friendly hotel. On or about October 17, 2018, the plaintiff commenced this action against, inter alia, the defendant hotel, Brooklyn Hospitality, LLC (hereinafter the defendant). The defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion. The plaintiff appeals.
"The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability" (King v Hoffman, 178 AD3d 906, 908). To recover in strict liability in tort for damages caused by a dog bite or attack against a property owner, the plaintiff must demonstrate that the owner: "(1) had notice that a dog was being harbored on the premises, (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the [property owner] to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, 1157; see Elardi v Morales, 192 AD3d 1074, 1074-1075; J.R. v Poonam Apts., LLC, 186 AD3d 1421, 1422).
Here, the defendant established, prima facie, that it was not aware, nor should it have been aware, that the subject dog had any vicious propensities (see Elardi v Morales, 192 AD3d at 1075; Kraycer v Fowler St., LLC, 147 AD3d 1038, 1039). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's remaining contentions are either without merit or not properly before this Court.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court