Agro v Olivieri (2024 NY Slip Op 01902)

Agro v Olivieri

2024 NY Slip Op 01902

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-00550
 (Index No. 3303/20)

[*1]Nicole Agro, appellant, 
v
Carol Olivieri, etc., respondent.

Schonberg Law Offices of the Hudson Valley, P.C., Central Valley, NY (Ryan Fagen and Susan R. Nudelman of counsel), for appellant.
Correia, Conway & Stiefeld, White Plains, NY (Nicole E. Duke of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (James L. Hyer, J.), dated December 7, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In July 2016, the plaintiff allegedly was injured when she was bitten by a dog owned by the adult son of the defendant's decedent (hereinafter the decedent) while the plaintiff was visiting the decedent's home. The decedent subsequently died. The plaintiff thereafter commenced this action against the defendant as the administrator of the decedent's estate. The defendant moved for summary judgment dismissing the complaint. By order dated December 7, 2022, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability. To recover in strict liability in tort for damages caused by a dog bite or attack against a property owner, the plaintiff must demonstrate that the owner: (1) had notice that a dog was being harbored on the premises, (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the property owner to remove or confine the dog" (Kennedy v Brooklyn Hospitality, LLC, 217 AD3d 931, 932 [citation, alterations, and internal quotation marks omitted]; see Matthew H. v County of Nassau, 131 AD3d 135, 144-145). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation. Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Cantore v Costantine, 221 AD3d 56, 61 [internal quotation marks omitted]; see King v Hoffman, 178 AD3d 906, 908). "Knowledge of an animal's vicious propensities may also be discerned," for example, "from the nature and result of the attack" (Matthew H. v County of Nassau, 131 AD3d at 148) or "[t]he keeping of a dog as a guard dog" (Collier v Zambito, 1 NY3d 444, 447). In contrast, "[k]nowledge of normal canine behavior, such as running around, pulling on a leash and barking at another dog or passersby, barking at strangers, or chasing animals, will not support a finding of knowledge of vicious propensities" (Brooks v Adell, 211 AD3d 792, 793 [internal quotation marks omitted]).
Here, the defendant established, prima facie, that the decedent was not aware, nor should he have been aware, that his son's dog had any vicious propensities (see Kennedy v Brooklyn Hospitality, LLC, 217 AD3d at 932; Drakes v Bakshi, 175 AD3d 465, 466). Moreover, contrary to the plaintiff's contention, the defendant did not waive her argument that the decedent lacked notice, actual or constructive, of the dog's alleged vicious propensities by failing to assert lack of notice as an affirmative defense in her answer. Since notice was an essential element of the plaintiff's cause of action (see Kennedy v Brooklyn Hospitality, LLC, 217 AD3d at 932), the defendant, who denied the plaintiff's allegations of notice in her answer, was not required to plead lack of notice as an affirmative defense (see U.S. Bank N.A. v Saff, 191 AD3d 733, 734-735; Gulati v Gulati, 60 AD3d 810, 811-812; Smith v Peterson Trust, 254 AD2d 479, 479).
In opposition, the plaintiff failed to raise a triable issue of fact (see Brooks v Adell, 211 AD3d at 793-794; Elardi v Morales, 192 AD3d 1074, 1075). Contrary to the plaintiff's assertion, the decedent's son's deposition testimony that the dog "d[id] his job" to "protect[ ]" the home by "bark[ing] when someone knocked on the door" was insufficient to establish that the dog served as a guard dog. Instead, the decedent's son described "normal canine behavior" (Collier v Zambito, 1 NY3d at 447; see Brooks v Adell, 211 AD3d at 793). Moreover, the mere fact that the dog had a "bad ear" and did not "like" when people pet him near his ears, which he expressed by "pull[ing] away" when someone pet him near his ears, without more, was insufficient to raise an issue of fact as to whether the dog had vicious propensities (see Zimmer v Maxwell, 219 AD3d 1565, 1566; cf. Zicari v Buckley, 213 AD3d 1343, 1344-1345). Further, the nature and severity of the attack does not demonstrate that the decedent knew or should have known of the dog's alleged vicious propensities (see Sattler v Passaro, 211 AD3d 983, 984; cf. I.A. v Mejia, 174 AD3d 770, 771-772; Matthew H. v County of Nassau, 131 AD3d at 148).
The plaintiff's remaining contention need not be reached in light of our determination.
DILLON, J.P., MILLER, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court