AI v Minfen Chen (2024 NY Slip Op 50731(U))

[*1]

AI v Minfen Chen

2024 NY Slip Op 50731(U)

Decided on June 14, 2024

Supreme Court, Richmond County

Castorina Jr., J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 14, 2024
Supreme Court, Richmond County

AI, a minor under the age of 14 years, by Ninamarie Cerrito, her mother and natural guardian, and Ninamarie Cerrito, individually, Plaintiff,

against
Minfen Chen, Qingshuo Tang, Brianne Benedetto and Mario Maniglia, Defendant.

Index No. 150091/2022

Attorney for the Plaintiffs
Glen Devora 
Jonathan D'Agostino & Associates, P.C. 
3309 Richmond Avenue
Staten Island, NY 10312 
Phone: (718) 967-1600 
Attorney for Defendants
Wendy Beth Schwartz 
Gallo Vitucci Klar LLP 
90 Broad Street, 12th Floor
New York, NY 10004 
Phone: (212) 683-7100 

Ronald Castorina, Jr., J.

The following e-filed documents listed on NYSCEF (Motion No. 004) numbered 60-85 were read on this motion. Oral argument was waived by the parties on the record.
Upon the foregoing documents, Motion Sequence No. 004 is resolved and therefore, it is hereby,
ORDERED, that Motion Sequence No. 004 requesting summary judgment in favor of Defendant Minfen Chen and Defendant Qingshuo Tang pursuant to CPLR § 3212 and CPLR § [*2]3211 [a] [7] and dismissing Plaintiffs' complaint in its entirety as against Defendant Minfen Chen and Defendant Qingshuo Tang is GRANTED, with prejudice; and it is further,
ORDERED, that any relief requested, and not specifically addressed in this Decision and Order has been considered by the court and is either DENIED or deemed moot; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
Memorandum Decision
I. Procedural History
On January 18, 2022, Plaintiff commenced this negligence action to recover for injuries sustained by the infant plaintiff received on December 7, 2020, allegedly from a dog in the possession of Defendant Benedetto and Defendant Maniglia, hereinafter referred to collectively as Defendant Tenants. The incident reportedly occurred at the residence owned by Defendant Chen and Defendant Tang, who were landlords, herein after referred to collectively as Defendant Landlords, of the property where the incident allegedly took place. Default judgment was granted against Defendant Tenants on September 14, 2023. (NY St Cts Filing [NYSCEF] Doc No. 30).
Defendant Landlords, filed Motion Sequence No. 004 by Notice of Motion on March 14, 2024, seeking (a) summary judgment pursuant to CPLR § 3212 and CPLR § 3211 [a] [7] and dismissing Plaintiffs' complaint in its entirety and (b) such other and further relief as to this Court may seem just and proper, including costs and reasonable attorney fees for the instant requested relief.
On April 25, 2024, the Court granted counsels' request on the record and waived oral argument, accepting Motion Sequence No. 004 on submission. (NY St Cts Filing [NYSCEF] Doc No. 30). Plaintiffs filed opposition to Motion Sequence No. 004 on May 8, 2024. Defendant Landlords filed reply on Motion Sequence No. 004 on May 15, 2024.
II. Facts
On the date of the incident, December 7, 2020, Defendant Landlords owned a one family home located at 321 Colony Avenue in Staten Island, New York, which was occupied by Defendant Tenants. On that date, Plaintiff Infant, hereinafter referred to as AI, sustained injuries, when she was bitten by a dog at the premises, while visiting Defendant Tenants.
Plaintiffs testified they did not know the Defendant Landlords and had never spoken to them. (NY St Cts Filing [NYSCEF] Doc No. 69 at page 107, lines 6-20; 70 at page 33-34). Plaintiff Cerrito, AI's mother, was also aware that Defendant Tenants rented the property but were unaware from whom. (NY St Cts Filing [NYSCEF] Doc No. 70 at page 33 lines 15-18).
Defendant Landlords purchased the residence located at 321 Colony Avenue in Staten Island in June 2018 for use as a rental property. (NY St Cts Filing [NYSCEF] Doc No. 71 at page 13-14). Defendant Tenants first became tenants on November 1, 2018. (see id at page 16, lines 18-20). When Defendant Tenants took occupancy there was a two-year written lease agreement. (see id at pages 19-20). Defendant Landlords maintain that no subsequent lease or extension was executed upon the lease's expiration. (see id at page 20). Clause 14 of the lease agreement signed by Defendant Chen and both Defendant Tenants provides, "No animal, bird, or other pet will be kept on the premises, even temporarily, except properly trained service animals needed by blind, deaf, or disabled persons[.] (NY St Cts Filing [NYSCEF] Doc No. 75). This lease expired November 1, 2020. (see id).
Defendant Chen testified, that shortly after Defendant Tenants moved in, they asked, if pets or dogs would be allowed and they were advised "absolutely not allowed." (NY St Cts [*3]Filing [NYSCEF] Doc No. 71 at page 30, lines 18-24). Defendant Landlords contend that they were never made aware of the presence of a dog on their property. (see id at page 38). Defendant Landlords learned about the incident involving the Plaintiff upon receipt of a letter from an attorney for Plaintiff. (see id at page 27, lines 17-21; NY St Cts Filing [NYSCEF] Doc No. 72 at page 16 lines 13-17). After being made aware of the incident by Plaintiff's counsel, Defendant Landlords were informed by Defendant Tenants that the dog in question was not his, but a friend's dog. (NY St Cts Filing [NYSCEF] Doc No. 73).
Defendant Landlords met or had any personal contact with Defendant Tenants, nor did they ever visit the property since purchase. (NY St Cts Filing [NYSCEF] Doc No. 71 pages 17, 21-22, 26; NY St Cts Filing [NYSCEF] Doc No. 72 at page 11-12).
III. Summary Judgment
"Summary judgment is designed to expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues" (see Andre v. Pomeroy, 35 NY2d 361 [1974] citing Millerton Agway Cooperative, Inc. v. Briarcliff Farms, Inc., 17 NY2d 57 [1966]).
"A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (see Poon v Nisanov, 162 AD3d 804 [2d Dept 2018] quoting CPLR § 3212 [b]). "The moving party's submissions must show 'that there is no defense to the cause of action or that the cause of action or defense has no merit'" (see id). "To defeat summary judgment, the nonmoving party need only rebut the prima facie showing made by the moving party so as to demonstrate the existence of a triable issue of fact" (see id citing Alvarez v. Prospect Hosp., 68 NY2d 320 [1986]; Stukas v. Streiter, 83 AD3d 18 [2d Dept 2011]).
"On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party'" (see Shabat v State of New York, 177 AD3d 1009 [2d Dept, 2019] quoting Vega v Restani Constr. Corp., 18 NY3d 499 [2012]; Ortiz v. Varsity Holdings, LLC, 18 NY3d 335 [2011]).
"To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (see Quintanilla v Schutt, 212 AD3d 850 [2d Dept 2023] quoting Elardi v Morales, 192 AD3d 1074 [2d Dept 2021]; citing Bukhtiyarova v Cohen, 172 AD3d 1153 [2d Dept 2019]).
Here the Plaintiff does not allege strict liability, but rather proceeds on a theory of negligence. Plaintiffs' complaint alleges defendants "were negligent, careless, and reckless and grossly negligent in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid dog and the defendants were otherwise negligent, careless and reckless in the premises." (NY St Cts Filing [NYSCEF] Doc No. 64).
Plaintiff contends that in a case such as this, involving the vicious propensities of a dog, there are clearly questions of fact that should and must be decided by a jury regarding whether the dog involved in this incident had vicious propensities. However, the Defendant Landlords maintain that they were not only unaware of the presence of a dog on their property but further contend that their lease with the Defendant Tenants and their communications with the Defendant Tenants prohibited the presence of a dog on their property.
"The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability, whereby 'a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities'" (see King v Hoffman, 178 AD3d 906 [2d Dept 2019] quoting Ioveno v Schwartz, 139 AD3d 1012 [2d Dept 2016]; citing Petrone v Fernandez, 12 NY3d 546 [2009]; Collier v Zambito, 1 NY3d 444 [2004]).
To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog" (Sarno v Kelly, 78 AD3d 1157, at 1157; see Velez v Andrejka, 126 AD3d 685, 686. "Vicious propensities include the 'propensity to do any act that might endanger the safety of the persons and property of others in a given situation' " (Collier v. Zambito, supra, quoting: Dickson v McCoy, 39 NY 400, 403; see Costanza v Scarlata, 188 AD3d 1145, 1146). "Evidence tending to demonstrate a dog's vicious propensities includes evidence of a prior attack, the dog's tendency to growl or snap or bare its teeth, the manner in which the dog was restrained, the fact that the dog was kept as a guard dog, and a proclivity to act in a way that puts others at risk of harm" (Ioveno v Schwartz, 139 AD3d 1012 supra; see Collier v Zambito, supra; Costanza v Scarlata, 188 AD3d at 1146).
Here, it is undisputed that Defendant Landlords did not own the subject dog. It is also undisputed that Plaintiffs and Defendant Landlords never communicated and neither side was aware of the presence of the other. The evidence provided in the form of the lease agreement and the text communication between the Defendant Landlord and Defendant Tenants clearly demonstrates that both the dog's presence at the premises as well as any prior alleged behavioral issues with the dog were unknown to Defendant Landlords. The out of state landlord had no idea that the dog was on the premises. The testimony was very clear, Defendant Chen testified, that shortly after Defendant Tenants moved in, they asked, if pets or dogs would be allowed and they were advised "absolutely not allowed." (NY St Cts Filing [NYSCEF] Doc No. 71 at page 30, lines 18-24). Defendant Landlords contend that they were never made aware of the presence of a dog on their property. (see id at page 38).
The deposition testimony of all parties is clear that at no time prior to the incident did Defendant Landlords have knowledge about the presence of a dog on their property and therefore any vicious propensities by the dog. After the Defendant Landlords' submitted evidence that they were landlords out of possession and unaware of the presence of any animal on the subject premises, the plaintiffs failed to raise a triable issue of fact. (see Madaia v Petro, 291 AD2d 482 [2d Dept 2002]). Defendant Tenant's lease was submitted as an exhibit to the motion, and it clearly indicates that "No Pets" other than service animals were allowed on the premises. There are no allegations that Defendant's dog was a service animal. No evidence was presented to controvert the Defendant Landlord's contentions, and no issue of fact was raised. 
Accordingly, Motion Sequence No. 004 requesting summary judgment in favor of the Defendant Minfen Chen and Defendant Qingshuo Tang pursuant to CPLR § 3212 and CPLR § 3211 [a] [7] and dismissing Plaintiffs' complaint in its entirety as against Defendant Minfen Chen and Defendant Qingshuo Tang is GRANTED, with prejudice.
VI. Decretal Paragraphs
It is hereby ORDERED that Motion Sequence No. 004 requesting summary judgment in [*4]favor of Defendant Minfen Chen and Defendant Qingshuo Tang pursuant to CPLR § 3212 and CPLR § 3211 [a] [7] and dismissing Plaintiffs' complaint in its entirety as against Defendant Minfen Chen and Defendant Qingshuo Tang is GRANTED, with prejudice; and it is further,
ORDERED, that any relief requested, and not specifically addressed in this Decision and Order has been considered by the court and is DENIED, with prejudice; and it is further,
ORDERED, that the Clerk of the Court shall enter judgment accordingly.
The foregoing shall constitute the Decision and Order of this Court. 
Dated: June 14, 2024
Staten Island, New York
HON. RONALD CASTORINA, JR.
JUSTICE OF THE SUPREME COURT