Gershik v New York City Hous. Auth. (2024 NY Slip Op 06593)

Gershik v New York City Hous. Auth.

2024 NY Slip Op 06593

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2022-02693
 (Index No. 515897/18)

[*1]Yefim Gershik, appellant, 
v
New York City Housing Authority, respondent.

William Pager, Brooklyn, NY, for appellant.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 31, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In March 2018, the plaintiff allegedly was injured when he was bitten by a dog while delivering food in a building owned by the defendant. The defendant moved for summary judgment dismissing the complaint. In an order dated March 31, 2022, the Supreme Court granted the motion. The plaintiff appeals.
"'The sole means of recovery of damages for injuries caused by a dog bite or attack is upon a theory of strict liability'" (Kennedy v Brooklyn Hospitality, LLC, 217 AD3d 931, 932, quoting King v Hoffman, 178 AD3d 906, 908). "'To recover against a landlord for injuries caused by a tenant's dog on a theory of strict liability, the plaintiff must demonstrate that the landlord: (1) had notice that a dog was being harbored on the premises; (2) knew or should have known that the dog had vicious propensities, and (3) had sufficient control of the premises to allow the landlord to remove or confine the dog'" (King v Hoffman, 178 AD3d at 909, quoting Sarno v Kelly, 78 AD3d 1157, 1157; see Kennedy v Brooklyn Hospitality, LLC, 217 AD3d at 931).
Here, the defendant established, prima facie, that it had neither notice that the subject dog was being harbored on the premises nor knowledge of the dog's alleged violent propensities (see King v Hoffman, 178 AD3d at 909; Bukhtiyarova v Cohen, 172 AD3d 1153, 1155; see also Kennedy v Brooklyn Hospitality, LLC, 217 AD3d at 931; Elardi v Morales, 192 AD3d 1074, 1074-1075). In opposition, the plaintiff failed to raise a triable issue of fact (see Agro v Olivieri, 226 AD3d 734, 735; Kennedy v Brooklyn Hospitality, LLC, 217 AD3d at 931). Contrary to the plaintiff's contention, his deposition testimony that he had complained on a prior occasion to one of the defendant's employees about the dog was insufficient to put the defendant on notice of the dog's vicious tendencies, as the plaintiff was unable to identify the employee or produce any evidence of the plaintiff's alleged complaint. Further, the plaintiff failed to establish that the unidentified employee was responsible for the property, was a manager of the property, or was an agent for the defendant (see King v Hoffman, 178 AD3d at 909; Wilson v Livingston, 305 AD2d 585, 586).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
MILLER, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court