Lobo v Messina (2025 NY Slip Op 01917)

Lobo v Messina

2025 NY Slip Op 01917

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-06854
 (Index No. 622942/18)

[*1]Francine Lobo, appellant, 
v
Christopher Messina, et al., respondents, et al., defendant.

Braff, Harris & Sukoneck, New York, NY (Brian C. Harris of counsel), for appellant.
James F. Butler, Jericho, NY (Rebecca L. Marks of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (C. Stephen Hackeling, J.), dated June 1, 2023. The order, insofar as appealed from, granted the motion of the defendants Christopher Messina and Tracy Messina for summary judgment dismissing the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2017, the plaintiff allegedly was injured when she was bitten by a dog owned by the defendants Christopher Messina and Tracy Messina (hereinafter together the Messina defendants) while the plaintiff was visiting the home of the defendant Thomas O'Dwyer. The plaintiff thereafter commenced this action against the defendants. The Messina defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. By order dated June 1, 2023, the Supreme Court, inter alia, granted the Messina defendants' motion. The plaintiff appeals.
"To recover in strict liability for damages caused by a dog, a plaintiff must establish that the dog had vicious propensities and that the owner knew or should have known of the dog's vicious propensities" (Sattler v Passaro, 211 AD3d 983, 984; see Costanza v Scarlata, 188 AD3d 1145, 1146-1147). "Vicious propensities include the propensity to do any act that might endanger the safety of the persons and property of others in a given situation. Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm" (Agro v Olivieri, 226 AD3d 734, 734 [internal quotation marks omitted]; see Sattler v Passaro, 211 AD3d at 984; Hai v Psoras, 166 AD3d 732, 733). However, "[k]nowledge of 'normal canine behavior,' such as running around, pulling on a leash and barking at another dog or passersby, barking at strangers, or chasing animals, will not support a finding of knowledge of vicious propensities" (Brooks v Adell, 211 AD3d 792, 793, quoting Collier v Zambito, 1 NY3d 444, 447; see Agro v Olivieri, 226 AD3d at 735). "Knowledge of an animal's vicious propensities may also be discerned, for example, from the nature and result of the attack" (Agro v Olivieri, 226 AD3d at 734 [internal quotation marks omitted]; see I.A. v Mejia, 174 AD3d 770, 771-772).
Here, the Messina defendants established, prima facie, that they neither knew nor [*2]should have known that the dog had vicious propensities (see Agro v Olivieri, 226 AD3d at 735). Contrary to the plaintiff's contention, Christopher Messina's alleged statement immediately following the incident that he wanted to put the dog to sleep did not present a triable issue of fact as to whether the dog had vicious propensities (see Costanza v Scarlata, 188 AD3d at 1146-1147; Xin Kai Li v Miller, 150 AD3d 1051, 1052). In opposition, the plaintiff failed to raise a triable issue of fact (see Kennedy v Brooklyn Hospitality, LLC, 217 AD3d 931, 932; Brooks v Adell, 211 AD3d at 793).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the Messina defendants' motion
for summary judgment dismissing the amended complaint insofar as asserted against them.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court