LaRocca v Lauer (2025 NY Slip Op 04463)

LaRocca v Lauer

2025 NY Slip Op 04463

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2023-12096
 (Index No. 605400/20)

[*1]Anthony LaRocca, appellant, 
v
Angela Lauer, et al., respondents.

John L. O'Kelly, Hicksville, NY, for appellant.
Martyn, Smith, Murray & Yong, Hauppauge, NY (Susan A. Murray of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated September 7, 2023. The order, insofar as appealed from, granted the defendants' motion for summary judgment dismissing the complaint and denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged common-law negligence.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence, and (2) by deleting the provision thereof denying that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged common-law negligence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.
On February 16, 2019, the plaintiff allegedly sustained injuries when he was bitten by the defendants' dog. The plaintiff thereafter commenced this action against the defendants to recover damages for his personal injuries, asserting causes of action alleging strict liability and, in effect, common-law negligence based on the defendants' failure to exercise reasonable care. The defendants moved for summary judgment dismissing the complaint, contending that the dog did not have vicious propensities and that they did not know nor have reason to know of any such alleged propensities. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability with respect to so much of the complaint as alleged common-law negligence. In an order dated September 7, 2023, the Supreme Court, among other things, granted the defendants' motion and denied that branch of the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as sought to hold them strictly liable for the plaintiff's alleged injuries. "[T]he owner of a domestic animal who either knows or should have known of that animal's vicious propensities will be held liable for the harm the animal causes as a result of those propensities" (Collier v Zambito, 1 NY3d 444, 446). "Vicious propensities [*2]include the propensity to do any act that might endanger the safety of the persons and property of others" (Sattler v Passaro, 211 AD3d 983, 984, citing Collier v Zambito, 1 NY3d at 446). "'Evidence tending to prove that a dog has vicious propensities includes a prior attack, the dog's tendency to growl, snap, or bare its teeth, the manner in which the dog was restrained, and a proclivity to act in a way that puts others at risk of harm'" (Piedimonte v Alvarenga-Benitez, 226 AD3d 933, 934, quoting Hodgson-Romain v Hunter, 72 AD3d 741, 741; see Cantore v Costantine, 221 AD3d 56, 61).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing so much of the complaint as sought to hold them strictly liable for the plaintiff's alleged injuries by demonstrating that they were not aware, nor should have been aware, that the dog had vicious propensities (see Sattler v Passaro, 211 AD3d at 984; Drakes v Bakshi, 175 AD3d 465, 466; Hai v Psoras, 166 AD3d 732, 734). In opposition, the plaintiff failed to raise a triable issue of fact (see Ioveno v Schwartz, 139 AD3d 1012, 1013; see also Castillo v Berne, 230 AD3d 557, 559).
However, in Flanders v Goodfellow ( _____ NY3d _____, 2025 NY Slip Op 02261), which, we note, was decided after the order appealed from was issued, the Court of Appeals overruled its precedent holding that a plaintiff may not assert a common-law negligence cause of action against the owner of a domestic animal for harms caused by that animal and announced a new "two-pronged approach to liability for harms caused by animals" (id. at 4). "A plaintiff who suffers an animal-induced injury . . . has a choice. If the owner knew or should have known the animal had vicious propensities, the plaintiff may seek to hold them strictly liable. Or they can rely on rules of ordinary negligence and seek to prove that the defendant failed to exercise due care under the circumstances that caused their injury. Of course, a plaintiff might also assert both theories of liability" (id.).
Here, the Supreme Court directed dismissal of so much of the complaint as alleged common-law negligence on the ground that an owner's liability for harms caused by a domestic animal "is determined solely by application of the rule of strict liability," without considering whether the parties' evidence raised a triable issue of fact as to common-law negligence. Accordingly, under the circumstances, we remit the matter to the Supreme Court, Suffolk County, to afford the parties an opportunity to litigate this issue on the merits and for a new determination thereafter of that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged common-law negligence and that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability with respect to so much of the complaint as alleged common-law negligence (see id.; Matter of State Farm Mut. Auto. Ins. Co. v Rinaldi, 27 AD3d 476, 476).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court